# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN - 2 2000

CIV No. 94-691 JP/WWD

CLERK

JEANNE HARRISON,

    Plaintiff,

vs.

EDDY POTASH, INC., a New Mexico
Corporation, and ROBERT L. BROWN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On April 10, 2000 Defendant Eddy Potash, Inc. filed a "Motion for Judgment
Notwithstanding the Verdict, or, in the Alternative, Motion for a New Trial," (Doc. No. 162).
Having considered the motion, the briefs, and the applicable law, I conclude that the motion
should be denied.

### LEGAL STANDARD

Defendant filed its motion under Federal Rules of Civil Procedure 50(b) and 59. Rule
50(b) provides that a party may renew a motion for judgment as a matter of law following a trial
and entry of judgment and may alternatively request a new trial under Rule 59. In deciding
whether to grant a motion for judgment as a matter of law after trial, a court must view the record
in the light most favorable to the non-moving party and must deny the motion if there is any
evidence upon which a reasonable jury could properly find against the moving party. *See Clark*

-1-



*v. Brien*, 59 F.3d 1082, 1086 (10th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). A district court has broad discretion in determining whether to grant a new trial. *York v. American Telephone & Telegraph Co.*, 95 F.3d 948, 958 (10th Cir. 1996). "Where a party moves for a new trial on the ground that the jury verdict is not supported by the evidence, the verdict must stand unless it is 'clearly, decidedly or overwhelmingly against the weight of the evidence.'" *Id.* (quoting *Black v. Hieb's Enters., Inc.*, 805 F.2d 360, 363 (10th Cir. 1986)).

## DISCUSSION

Defendant makes three arguments in support of its motion: 1.) there was insufficient evidence to support the jury's verdict in Plaintiff's favor and against Defendant on the *Faragher/Burlington* affirmative defense; 2.) the Court erred in failing to give two of Defendant's requested jury instructions; and 3.) this Court's entry of partial summary judgment in favor of Plaintiff and against the Defendant was improper.

### *Sufficiency of the Evidence*

The *Faragher/Burlington* affirmative defense allows an employer to escape vicarious liability for a supervisor's creation of a hostile work environment when no tangible employment action has been taken by establishing the following elements by a preponderance of the evidence: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *see also Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998).

Plaintiff testified at trial that Defendant's sexual harassment policy was not posted on the

bulletin board in the woman's locker room or on the bulletin board near the mine shaft, where she would have been likely to see it. (Trial Minutes, Docket No. 155.) She also testified that although when she began work she attended an orientation that lasted several days, there was no discussion of the sexual harassment policy and she never received a copy of it. *Id.* According to Plaintiff's testimony, she did not immediately report Robert Brown's conduct because she felt degraded, she was concerned about being fired because she was on probation at work, she was afraid no one would believe her because Brown had a spotless record, and she had heard that Brown was going to be promoted, so he would not longer be her supervisor. *Id.* This evidence was sufficient to support the jury's verdict in favor of Plaintiff and against Defendant on the *Faragher/Burlington* affirmative defenses.

*Requested Jury Instructions*

Defendant claims that the Court's refusal to give Defendant's Requested Instructions No. 7 and No. 9 was improper and denied Defendant a fair trial. "The admission or exclusion of a jury instruction is within the sound discretion of the trial court. The sufficiency of the instructions is not determined by isolating a particular instruction or omission, but rather by viewing the instructions as a whole." *Harris Market Research v. Marshall Marketing and Communications, Inc.*, 948 F.2d 1518, 1528 (10th Cir. 1991) (citing *Richards v. Attorneys' Title Guar. Fund, Inc.*, 866 F.2d 1570, 1575 (10th Cir.), *cert. denied*, 491 U.S. 906 (1989)).

Defendant's Requested Instruction No. 7 states:

> You are instructed that if you find that Plaintiff Jeanne Harrison promptly complained of Robert L. Brown's harassing conduct and that Eddy Potash promptly responded, disciplined appropriately, and stopped the harassment, then you should find for Eddy Potash.

-3-

Defendant argues that this "refinement" of the Faragher affirmative defense is legally correct under *Indest v. Freeman Decorating Inc.*, 164 F.3d 258 (5th Cir. 1999). Defendant's argument essentially repeats the same unsuccessful argument it made in support of its Motion for Summary Judgment, which I rejected in a May 26, 1999 Memorandum Opinion and Order and which I again reject now.

In *Indest*, the Fifth Circuit held that the *Faragher/Burlington* defenses did not apply to the case before it because "the plaintiff quickly resorted to [Defendant's] policy and grievance procedure against sexual harassment, and the employer took prompt remedial action." *Id.* at 265. The court held that "for purposes of imposing vicarious liability, a case presenting only an incipient hostile environment corrected by prompt remedial action should be distinct from a case in which a company was never called upon to react to a supervisor's protracted or extremely severe acts that created a hostile environment." *Id.*

*Indest* is inapposite to this case because Brown's conduct did not merely subject Harrison to an "incipient" hostile environment. Brown's actions, which a jury in the first trial found to constitute battery, were severe and repeated. This case is also distinguishable from *Indest* because, unlike the plaintiff in *Indest*, there is evidence that Harrison was unaware of the anti-harassment procedures available to her and that EPI had not widely disseminated its sexual harassment policy or "forestalled the creation of a hostile environment." *See id.* at 266 (distinguishing the case before it from cases like *Burlington* where "the plaintiff's failure or delay in invoking anti-harassment procedures may suggest that a company lacked vigilance or determination to enforce them or that it appeared to turn a blind eye toward sexual harassment."). Under *Indest*'s own reasoning, this is not a case in which Defendant could escape liability

-4-

because there was evidence that Brown's harassment of Plaintiff was severe and that Defendant did not vigilantly advertise or explain to employees its sexual harassment policy.

The reasoning of *Indest* also appears to be contrary to the Supreme Court's clear opinions in *Faragher* and *Burlington*. Nothing in either of the Supreme Court's opinions supports the exception to an employer's vicarious liability carved out by the Fifth Circuit for those employers that acted promptly to rectify an "incipient" hostile environment. The *Indest* opinion, which was written by Judge Jones, is also of minimal persuasive value because the other two judges on the panel, Judge Ferguson and Judge Weiner, concurred in the judgment only. One of those two judges, Judge Wiener, even filed a concurrence rejecting Judge Jones' reasoning. *See Indest v. Freeman Decorating, Inc.*, 168 F.3d 795, 796 (5th Cir. 1999) (Wiener, J. specially concurring) ("In short, I cannot agree with Judge Jones's conclusion that the Supreme Court's remarkably straightforward and perfectly consistent twin opinions in *Burlington Industries, Inc. v. Ellerth* and *Faragher v. City of Boca Raton* do not control the present case--and, indeed, all cases in which the plaintiff seeks to hold his employer vicariously liable for a supervisor's sexual harassment.") (footnotes omitted). As Judge Wiener noted, "[b]ecause Judge Ferguson concurs only in the judgment of this case without concurring in Judge Jones's opinion or mine, neither enjoys a quorum and thus neither writing constitutes precedent in this Circuit." *Id.* at 796 n. 1.

In addition to the fact *Indest* does not represent binding precedent in the Fifth Circuit, it is also at odds with the Tenth Circuit's opinion in *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1261 (10th Cir. 1998). In *Gunnell*, the Tenth Circuit rejected the employer's argument that it was not vicariously liable for sexual harassment because it had "acted promptly to correct any

inappropriate behavior." The court stated that "whether [the employer] had a reasonable policy in place to prevent and correct promptly such sexually harassing behavior" was just one of several factors the district court should consider under *Faragher* and *Burlington* when determining whether the employer was liable for its supervisor's creation of a hostile work environment based on sexual harassment. *Id.* Thus, *Gunnell* provides further support for the conclusion that the Court properly refused to give Defendant's Requested Instruction No. 7.

Defendant's Requested Instruction No. 9 states:

> Generalized fear of retaliation or repercussions related to reporting to an employer of sexual harassment in the workplace does not constitute reasonable grounds for an employee's failure to raise a complaint of harassment with her employer.

Defendant cites published and unpublished district court cases from outside the Tenth Circuit to support its contention that the Court erred in failing to give this instruction. Plaintiff contends that the instructions given as a whole properly stated the elements of the *Faragher/Burlington* affirmative defense and that Defendant's Requested Instruction No. 9 was argumentative and gave undue prominence to a particular issue. One of the cases Plaintiff cites in support of its argument is *Mitchell v. Keith*, 752 F.2d 385, 391 (9th Cir.), *cert. denied*, 472 U.S. 1028 (1985).

In *Mitchell* a black plaintiff brought suit under section 1981 claiming that he was discharged in retaliation for his activities as equal employment opportunity coordinator on behalf of minority employees. *See id.* The defendants contended that the trial court erred in refusing to give an instruction stating that discriminatory comments alone are insufficient to support a

verdict for the plaintiff.[1] *Id.* at 391. The Ninth Circuit rejected this argument, stating, "[i]n another instruction given by the judge, the jury was properly informed concerning the plaintiff's burden of proof. As the plaintiff's burden of proof was adequately covered, the judge did not abuse his discretion in deciding that this instruction was unnecessary and argumentative in nature." *Id.* (citations omitted).

Although *Mitchell* is not binding precedent, it is persuasive and involves a similar challenge to the one Defendant is making here. Like the defendants' requested jury instruction in *Mitchell*, Defendant's Requested Jury Instruction No. 9 is argumentative and unduly emphasizes Defendant's theory of the case. The jury was properly instructed in the Court's Jury Instruction No. 5 that Defendant was liable for Brown's sexual harassment of Plaintiff unless Defendant could prove both elements of the *Faragher/Burlington* affirmative defense by a preponderance of the evidence. (Court's Jury Instruction No. 5, Docket No. 157.) Read as a whole, the jury instructions accurately reflect the law. Therefore, the refusal to give Defendant's Requested Jury Instruction No. 9 did not deprive Defendant of a fair trial.

---

[1] The defendants' proposed jury instruction stated: "An employer is not an absolute guarantor of a perfect work environment free from all frictions, even including those with racial overtones. Thus, sporadic disagreements, altercations, conflicts and irritations caused by co-workers, even if they concern racial matters, and even if believed, cannot, standing alone, be enough to find for plaintiff." *Id.*

*Entry of Partial Summary Judgment in Plaintiff's Favor*

Defendant argues that this Court's entry of partial summary judgment in Plaintiff's favor denied Defendant a right to a fair trial. The issue presented in Plaintiff's motion for partial summary judgment was whether the jury's verdict in the first trial on Plaintiff's claims against Brown for battery and intentional infliction of emotional distress established Plaintiff's prima facie case of sexual harassment, leaving only the issue of Defendant's affirmative defenses to be tried to a second jury. For reasons explained in a detailed Memorandum Opinion and Order, I concluded that it did. *See* Memorandum Opinion and Order, entered September 8, 1999 (Doc. No. 140.) Because the granting of partial summary judgment in Plaintiff's favor was proper, this is not a basis for entry of judgment as a matter of law in Defendant's favor or for the granting of a new trial.

IT IS THEREFORE ORDERED that "Motion for Judgment Notwithstanding the Verdict, or, in the Alternative, Motion for a New Trial," (Doc. No. 162), is DENIED.

James A. Larber
UNITED STATES DISTRICT COURT